WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe Employee,<br><br>        Plaintiff,<br><br>v.<br><br>Shade Masters LLC, et al.,<br><br>        Defendants. | No. CV-26-01132-PHX-SMM<br><br>**ORDER** |

      This matter is before the Court on its own review. On February 17, 2026, Plaintiff John Doe Employee filed a Complaint for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq. (Doc. 1). However, Plaintiff did not reveal its name nor provide any reason why its name cannot be revealed. (See id.) For the reasons set forth, the Court strikes Plaintiff's Complaint. (Id.)

    **I.    LEGAL STANDARD**

      "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) (requiring the title of every complaint to "name all the parties"). "This presumption is loosely related to the public's right to open courts, [citation omitted] and the right of private individuals to confront their accusers."

Kamehameha, 596 F.3d at 1042 (citations omitted).

The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is "necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1980)); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000); United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.' ") (citations and quotation marks omitted); Doe v. Ayers, 789 F.3d 944, 946 (9th Cir. 2015) (noting that the use of a pseudonym was proper because of the case's exceptional nature). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

To determine whether to allow a party to proceed anonymously, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears. . .(3) the anonymous party's vulnerability to. . .retaliation, (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha, 596 F.3d at 1042. District courts place particular emphasis on the first and second factors. Id. at 1043.

## II.     DISCUSSION

In this case, Plaintiff does not provide any reason why it must proceed anonymously as John Doe.  (See Doc. 1). Also, Plaintiff did not submit a request to the Court to proceed anonymously. Thus, all five factors of the Ninth Circuit's test weigh against Plaintiff proceeding anonymously. See Kamehameha, 596 F.3d at 1042. Given that Plaintiff provides no reason that necessitates proceeding anonymously, the Court will strike Plaintiff's Complaint. (Id.)

//

//

Accordingly,

**IT IS ORDERED striking** Plaintiff John Doe Employee's Complaint. (Doc. 1).

**IT IS FURTHER ORDERED** that Plaintiff may re-file its Complaint revealing its identity <u>on or before February 27, 2026</u>. If Plaintiff fails to timely re-file its Complaint and reveal its identity, then this matter will be dismissed without prejudice.

Dated this 20th day of February, 2026.

_____
Stephen M. McNamee
Senior United States District Judge