**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe Employee, | No. CV-26-01132-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Shade Masters LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Reinstate Complaint and Proceed Under Pseudonym and for Protective Order Requiring Defendants to Refrain from Disclosing Plaintiff's Identity. (Doc. 6). For the following reasons, the Court denies the Motion.

## I.      LEGAL STANDARD

The Court construes Plaintiff's "Motion to Reinstate Complaint" as a motion filed under Federal Rule of Civil Procedure 59(e). See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991); see also Fed. R. Civ. P. 59(c)(1).

It is within the Court's discretion to reconsider and vacate a prior order. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g); see Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Disagreement with an order is an insufficient basis for reconsideration, nor should reconsideration be used to ask the Court to rethink its analysis. See Bryant v. Farmer, 460 F. App'x 644, 645 (9th Cir. 2011) (unpublished). Such disagreements should be dealt with in the normal appellate process. See In re Complaint of McLinn, 739 F.2d 1395, 1398 (9th Cir. 1984) (setting forth the standard governing appellate review in civil actions).

Under Rule 26(c), a court may issue a protective order if the order establishes "good cause" and is required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. GMC, 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

## II.    DISCUSSION

Plaintiff moves the Court to reconsider its prior Order striking his Complaint and requests that the Court issue a protective order. (Doc. 6). First, Plaintiff contends that anonymity is warranted because Defendants will "disclose his identity to immigration authorities," which would put him and his family at risk of "potential arrest, prosecution, and deportation from this country." (Id. at 2; 6). Second, Plaintiff contends that, without a protective order, "Defendants would have carte blanche to take retaliatory measures into their own hands." (Id. at 6). The Court, however, finds Plaintiff's arguments unpersuasive and reaffirms its prior ruling that Plaintiff has not justified a need to proceed anonymously. (Doc. 5 at 2).

### A. Motion to Reinstate Complaint and Proceed Under Pseudonym

"The normal presumption in litigation is that parties must use their real names" because it relates "to the public's right to open courts, [citation omitted] and the right of

private individuals to confront their accusers." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted); see also Fed. R. Civ. P. 10(a) (requiring the title of every complaint to "name all the parties"). However, the Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity "is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation omitted); see e.g., United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") (citations and quotation marks omitted); Doe v. Ayers, 789 F.3d 944, 946 (9th Cir. 2015) (noting that the use of a pseudonym was proper because of the case's exceptional nature).

To determine whether a party may proceed under a fictitious name, courts assess whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest." Advanced Textile Corp., 214 F.3d at 1068. In making this determination, courts consider five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears. . . (3) the anonymous party's vulnerability to. . .retaliation, (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha, 596 F.3d at 1042.

Having considered the five Kamehameha factors, the Court finds that Plaintiff's request to proceed anonymously does not outweigh the prejudice to Defendants or the public's interest.

First, Plaintiff's conclusory allegations of threats of retaliation are unsubstantiated. While the Court has authority to permit anonymity during "the preliminary stage of [a] litigation," such extraordinary relief requires "evidence of threatened retaliation." Advanced Textile Corp., 214 F.3d at 1069. Plaintiff fails to provide any evidence, including affidavits or declarations, demonstrating that Defendants threatened to harm him or that any risk of retaliation warrants the use of a pseudonym. Without such evidence, the Court

cannot assess the severity of the alleged threats. Accordingly, the first factor weighs against Plaintiff's interest in proceeding anonymously.

Second, Plaintiff fails to establish that his asserted fear is reasonable. The Ninth Circuit recognizes that "undocumented workers" face heightened risks of retaliation because their employers may report them to immigration authorities, thereby subjecting them "to deportation proceedings or criminal prosecution." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1064 (9th Cir. 2004). However, to establish such risk, a plaintiff must demonstrate that "a reasonable person would believe that the threat might actually be carried out." Advanced Textile Corp., 214 F.3d at 1071. In Advanced Textile Corp., the Ninth Circuit found that the plaintiffs provided significant evidence of their employer's threats, which reasonably justified the need to file their FLSA claims anonymously. Id. at 1069-71. Here, by contrast, Plaintiff alleges no comparable facts. (See Doc. 6 at 5-6).

Plaintiff's sole basis for anonymity is his assertion that Defendants stated, "they would not pay him and would send the United States [Immigration] and Customs Enforcement ("ICE")." (Doc. 6 at 2). Yet, as noted above, Plaintiff provides no evidence to support this alleged threat. In the absence of such evidence, the Court cannot reasonably conclude that Defendants would carry out the purported threat. See Advanced Textile Corp., 214 F.3d at 1071. Accordingly, the second factor weighs against Plaintiff's interest in proceeding anonymously.

Third, Plaintiff's vague allegation shows no susceptibility to retaliation. Plaintiff's single, broad assertion that Defendant Guillermo Lopez "would send [immigration authorities] after Plaintiff" unsupported by any evidence, does not demonstrate a credible fear of retaliation. (Doc. 1 at 12); see also Kamehameha, 596 F.3d at 1043-1044. Accordingly, the third factor weighs against Plaintiff's interest in proceeding anonymously.

Fourth, in considering "the precise prejudice at each stage of the proceedings," the Court finds that Defendants are prejudiced at this stage. Advanced Textile Corp., 214 F.3d at 1068 (citation omitted). The Court has authority "to manage pretrial proceedings" and

avoid impediments that anonymity may create. Id. at 1069; see also Fed. R. Civ. P. 16(b). Although Defendants have not yet appeared in this matter, they do not know Plaintiff's identity. This lack of knowledge "[strengthens] their claims to be prejudiced by the use of pseudonyms," as Defendants are forced to defend a lawsuit without knowing the identity of the party bringing it. Id. at 1069 n.11. Accordingly, the fourth factor weighs against Plaintiff's interest in proceeding anonymously.

Finally, the "public's common law right of access to judicial proceedings" outweighs Plaintiff's asserted need for anonymity. Id. at 1067. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." U.S. v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008). Plaintiff's vague claim of possible harm does not warrant concealing his identity. In the absence of a showing of a risk of harm greater than that faced by a typical plaintiff, the fifth factor weighs against Plaintiff's interest in proceeding anonymously.

The Court finds no clear error and reaffirms its prior determination that the Kamehameha factors weigh against Plaintiff. (Doc. 5 at 2). Moreover, the Court's Order did not prejudice Plaintiff, as it expressly granted leave to refile the Complaint. (Id. at 3). Therefore, the Court denies Plaintiff's Motion to Reinstate Complaint. (Doc. 6).

B. Protective Order

As noted above, Plaintiff requests a protective order because he is "extremely vulnerable to the threat of retaliation[.]" (Doc. 6 at 6). The Court, however, finds Plaintiff's request overly broad.

Plaintiff seeks a "protective order prohibiting Defendants from disclosing his identity" (Id. at 1), but "[b]eyond his stated interest in concealing his identity, [Plaintiff] does not provide a justification for his request that this entire [case] be filed under seal." United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). Plaintiff's unsupported, "broad allegation of harm," is insufficient to establish good cause. Beckman Indus., Inc., 966 F.2d at 476.

Moreover, Plaintiff seeks this relief without disclosing his identity to the Court,

despite prior notice that disclosure is required. (Doc. 5 at 2); see also LRCiv 5.6(b). The Court previously ordered Plaintiff to file an amended complaint by February 27, 2026 (Id. at 3); instead, Plaintiff filed the instant Motion, leaving no operative complaint upon which the Court may grant relief. In any event, even if Plaintiff were permitted to proceed under a pseudonym, any request to seal filings—whether in whole or in part—must be supported by specific justification and filed by properly noticed motion in accordance with the Court's local rules.

For these reasons, the Court denies Plaintiff's Motion for Protective Order Requiring Defendants to Refrain from Disclosing Plaintiff's Identity. (Doc. 6); see, e.g., Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (dismissal for failure to follow a district court's local rules); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order). However, in the interest of resolving this matter, the Court will grant Plaintiff one additional opportunity to file an amended complaint.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion to Reinstate Complaint. (Doc. 6).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Protective Order Requiring Defendants to Refrain from Disclosing Plaintiff's Identity as **moot**. (Doc. 6).

**IT IS FURTHER ORDERED** that Plaintiff may re-file the Complaint revealing his identity on or before May 8, 2026. If Plaintiff fails to timely re-file the Complaint and reveal his identity, then this matter will be dismissed without prejudice.

Dated this 28th day of April, 2026.

_____
Stephen M. McNamee
Senior United States District Judge

- 6 -